DeadericK, Ob. J.,
delivered tbe opinion of tbe court r
In 1866, a tract of 409 acres of land in Gibson county, was partitioned between complainant and her brother Eg-bert, by commissioners appointed by tbe chancery court at Trenton. Tbe land was divided into two unequal parts by tbe Mobile and Obio Railroad. Tbe evidence very satisfactorily establishes that tbe commissioners bad agreed upon a division, by which all tbe land lying west of tbe road was assigned to Egbert, and about fifty-three acres lying east of the road was also assigned to him. But before they returned their report to tbe court, complainant and said Egbert agreed that complainant should have tbe fifty-three acres assigned to Egbert, on the east side of tbe road, upon her agreement to pay for tbe same at tbe rate of fifteen dollars per acre, and it was further agreed that tbe commissioners should include in their report tbe said fifty-three acres as assigned to complainant. Tbe report was accordingly made, allotting all tbe land on tbe east side of tbe railroad to complainant, and decree entered accordingly. Complainant not having paid for tbe fifty-three acres of land, and being unwilling or unable to do so, at tbe request of her brother, conveyed it to him, in 1868, and he conveyed it to defendant Hays, who has paid for, and taken a deed to it. Complainant, during all these transactions, wras a married woman, living separately from *624 her lmsband. He did not join with her in the deed she made to her brother, and she files this bill, alleging that she was imposed upon, and seeking to have her deed set aside as a clond upon her title, and to be restored to the possession of the land, which is now held by defendant, Hays, under his purchase from Egbert, who has, since the sale, become insolvent. While the title to the land was vested in complainant by the decree of the chancery court, we are satisfied that it was so vested upon the condition that she would j>ay for it, and she cannot be permitted to hold the land, unless she complies with the condition upon which the title was vested in her.
Her deed, her husband not joining with her in the same, did not divest the title vested by the decree of the chancery court. Complainant is, therefore, clothed with the legal title to the land, and is entitled to be restored to the possession of it, and to have an account for rents and profits upon the payment of the price agreed to' be paid, and interest thereon, for improvements placed upon the land, which have enhanced its value, the land being held liable for the same.
The chancellor dismissed complainant’s bill, holding that it would be a gross fraud to allow her to recover the land from Hays. The decree will be reversed, and a decree entered here in conformity to this opinion, and the cost of this court will be divided between complainant and defendant, Hays.